# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-10004-STA-jay |
| | ) | |
| HUGH MCCALL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER PARTIALLY DENYING
## DEFENDANT'S MOTION TO SUPPRESS

Before the Court is Defendant's *pro se* Motion to Suppress, which was filed on April 30, 2019. (ECF No. 41.) In his Motion, Defendant asks the Court to suppress Exhibit 2, Defendant's criminal history record, an incident report, and an ex parte order of protection. (*Id.*) The Government responded in opposition on May 28, 2019. (ECF No. 43.) For the foregoing reasons, Defendant's Motion is **PARTIALLY DENIED**.

### BACKGROUND

On January 22, 2019, a grand jury returned an indictment charging Defendant with one count of receiving and possessing a firearm silencer on or about January 6, 2018, that was made in violation of 26 U.S.C. §§ 5822, 5861(c), and 5871. (ECF No. 2.) On January 29, 2019, Defendant pleaded not guilty in a proceeding before United States Magistrate Judge Edward Bryant. (ECF No. 5.) On February 6, 2019, Defendant's request to appear *pro se* was granted. (ECF No. 17.) Defendant now proceeds *pro se*, with appointed elbow counsel.

A Superseding Indictment was returned on February 19, 2019, charging Defendant with receiving or possessing a firearm silencer made in violation of 26 U.S.C. §§ 5822, 5861(c), and 5871; receiving and possessing a firearm silencer that is not registered to him in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871; and receiving and possessing a firearm silencer lacking a serial number in violation of 26 U.S.C. §§ 5842, 5861(i), and 5871. (ECF No. 31.) Defendant pleaded not guilty as to all counts on February 27, 2019. (ECF No. 34.)

On February 27, 2019, Defendant filed a Motion to Dismiss the Superseding Indictment. (ECF No. 35.) The Government responded in opposition on March 8, 2019. (ECF No. 39.) The Court denied Defendant's Motion on May 6, 2019. (ECF No. 42.)

Prior to the Court's Order denying Defendant's Motion to Dismiss Indictment (ECF No. 42), Defendant filed a Motion to Suppress. (ECF No. 41.) In his Motion to Suppress, Defendant first asks the Court to suppress Exhibit 2, which is the firearm silencer, pursuant to Federal Rules of Evidence ("FRE") 403 and 704. (*Id.*) Next, Defendant asks the Court to suppress his criminal history record pursuant to FRE 404. (*Id.*) Finally, Defendant asks the Court to exclude an incident report and an Ex Parte Order of Protection pursuant to FRE 501. (*Id.*)

## ANALYSIS

Defendant styled his *pro se* motion as a Motion to Suppress. As the Government argued, however, most of Defendant's requests would have been more properly presented in a motion in limine. (ECF No. 43.) Black's Law Dictionary defines a motion to suppress as a "request that the court prohibit the introduction of illegally obtained evidence at a criminal trial." Black's Law Dictionary (10th ed. 2014). These motions are common in Fourth and Fifth Amendment cases, where there is an alleged constitutional violation tainting the evidence. *See, e.g.*, *Mapp v. Ohio*, 367 U.S. 643, 649 (1961) (holding that evidence obtained by an unconstitutional search was

inadmissible); *Miranda v. Arizona*, 384 U.S. 436 (1966) (holding that statements obtained from defendants being interrogated without a full warning of rights were inadmissible). A motion in limine, on the other hand, is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." Black's Law Dictionary (10th ed. 2014). The Court, however, will not deny Defendant's *pro se* Motion solely on the basis of its style.

Defendant first asks the Court to suppress the firearm silencer from being introduced as evidence that Defendant (1) illegally possessed a firearm silencer that was (2) illegally made and (3) illegally lacked a serial number. Defendant does not assert that the firearm silencer was obtained in violation of his rights. Rather, Defendant cites FRE 403, as the firearm silencer's value is allegedly "substantially outweighed by the danger of [c]onfusion" to fact finders. (ECF No. 41 at 1.) This assertion relies on many of the same arguments Defendant made in his Motion to Dismiss Indictment. Defendant asserts that jurors will be confused or mislead by the admission of the firearm silencer because the firearm silencer, according to Defendant, is legal. (ECF No. 41 at 1.)

Defendant's argument is unavailing, as discussed in the Court's prior Order. (ECF No. 42.) The statutes under which Defendant is charged are not illegal and do not fun afoul to the Constitution. Furthermore, nothing before the Court indicates that there were any constitutional violations afoot in obtaining the firearm silencer. Therefore, Defendant's request to exclude the firearm silencer is **DENIED**.

Next, Defendant asks the Court to exclude his criminal history record, an incident report, and an Ex Parte Order of Protection from admission at trial. (ECF No. 41 at 2-3.) The Court is not persuaded by the Government's Response, urging the Court to deny the requests merely because they are before the Court in a motion to suppress, as opposed to a motion in limine. The

Court has reviewed the evidence, provided as an Exhibit to the Government's Response (ECF No. 43-1), and reserves ruling on Defendant's request to exclude his criminal history record, the incident report, and the Ex Parte Order of Protection.

For the foregoing reasons, Defendant's request to suppress the firearm silencer is **DENIED**. The Court **RESERVES** ruling on the admissibility of Defendant's criminal history record, the incident report, and the Ex Parte Order of Protection.

**IT IS SO ORDERED**.

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        CHIEF UNITED STATES DISTRICT JUDGE

Date: June 27, 2019.